UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN HERITAGE INSURANCE COMPANY, an Arizona corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BARTLEIN & COMPANY, INC.; BARTLEIN GROUP, INC.; ROBERT HALF INTERNATIONAL, INC. dba OFFICE TEAM, a Delaware corporation; NATALIE MUMM; KELLY JOHNSON; and JOHN FRANCIS SACKO,<br><br>　　　　Defendants. | Case No. 2:15-cv-08361 JFW (Ex)<br><br>FINDINGS OF FACT AND CONCLUSIONS OF LAW<br><br>Judge:　Hon. John F. Walter<br><br>Complaint Filed:　10/26/15<br>PTC Date :　　　　9/9/16<br>Trial Date:　　　　9/20/16 |

**I.**

**FINDINGS OF FACT**

　　1.　In July of 2013, Dorte DiGiorgi was a Property Manager at Bartlein & Company, Inc., a property management company.

　　2.　In July of 2013, DiGiorgi contacted Robert Half

1

1  International Inc. dba OfficeTeam ("RHI"), a staffing firm,
2  to obtain a Property Manager's Assistant.
3      3.   For purposes of this action only, the parties have
4  stipulated that between July 29, 2013 and December 8, 2014,
5  Natalie Mumm was assigned by RHI to work at Bartlein &
6  Company, Inc. as a Property Manager's Assistant to
7  DiGiorgi; Mumm was not assigned to work at Bartlein Group,
8  Inc., and was not performing work for Bartlein Group, Inc.
9      4.   On or about October 1, 2014, Mumm was sent to make
10 a key for Los Encinos Owners' Association, a property that
11 Bartlein & Company, Inc. managed.
12     5.   After having the key made at CalCoast Locksmith,
13 Mumm was driving away from the locksmith and was involved
14 in an October 1, 2014 accident with Kelly Johnson.
15     6.   Bartlein & Company, Inc. is, and at all relevant
16 times was, the property manager for properties owned by
17 Bartlein Group, Inc.
18     7.   Bartlein & Company, Inc. also acts as a property
19 manager for other properties, such as the Los Encinos
20 Owners' Association.
21     8.   Bartlein Group, Inc. does not own the Los Encinos
22 property.
23     9.   On October 1, 2014, Mumm owned the automobile
24 involved in the accident at issue in the Underlying Action
25 described in ¶ 12.
26     10.  On October 1, 2014, Bartlein & Company, Inc. did
27 not own the automobile involved in the accident at issue in
28 the Underlying Action described in ¶ 12.

11. On October 1, 2014, Bartlein Group, Inc. did not own the automobile involved in the accident at issue in the Underlying Action described in ¶ 12.

12. On December 12, 2014, Kelly Johnson and John Sacko filed an action against Natalie Mumm and Bartlein & Company, Inc. styled *Kelly Johnson and John Francis Sacko v. Natalie Mumm; Bartlein & Co., Inc.; and Does 1-25*, Santa Barbara Superior Court Case No. 1469971, arising out of the automobile accident between Johnson and Mumm on October 1, 2014. ("Underlying Action").

13. On April 8, 2015, the *Johnson* claimants filed a Doe Amendment naming RHI as Doe 6.

14. On May 28, 2015, RHI filed a Cross-Complaint against Bartlein & Company, Inc. in the Underlying Action.

15. After Western Heritage Insurance Company ("WHIC") filed this action for Declaratory Relief on October 26, 2015, the *Johnson* claimants filed a Doe Amendment naming Bartlein Group, Inc., as Doe 7 On January 12, 2016.

16. Bartlein & Company, Inc. filed an Amendment to its Cross-Complaint naming CID Insurance Programs, Inc. (its insurance broker) as Roe 21 in the Underlying Action.

17. On June 10, 2016, RHI filed a Cross-Complaint against Bartlein Group, Inc. in the Underlying Action. On August 23, 2016, RHI filed a First Amended Cross-Complaint against Bartlein & Company, Inc.

18. WHIC issued Commercial General Liability Policy No. SCP1500308-01 to Bartlein Group, Inc., for the policy period from November 10, 2013 to November 10, 2014 ("WHIC

Policy").

19. There is no express mention of Bartlein & Company, Inc., in the WHIC Policy as written.

20. No party has sought to reform the subject WHIC Policy to add Bartlein & Company, Inc. as a named insured.

21. GEICO Insurance Company issued Personal Auto Policy No. 4248982870 to Mumm, which was in effect at the time of the accident of October 1, 2014.

22. GEICO agreed to defend Bartlein & Company, Inc., and Bartlein Group, Inc. in the Underlying Action, and is currently doing so.

## II.

## CONCLUSIONS OF LAW

1. The only named insured under the WHIC Policy as written is Bartlein Group, Inc.

2. Bartlein & Company, Inc. is not a named insured under the WHIC Policy as written.

3. There is no reference to Bartlein & Company, Inc. in the WHIC Policy as written, and it does not qualify as an insured under the policy.

4. Because Bartlein & Company, Inc. does not qualify as a named insured under the WHIC Policy as written, Bartlein & Company, Inc. could only qualify as an insured real estate manager "while" it was acting as a property manager regarding a property owned by Bartlein Group, Inc.

5. Bartlein & Company, Inc. does not qualify as an insured real estate manager under the WHIC Policy, II, 2(b) for purposes of this claim, because Mumm was acting for Los

1  Encinos Owners' Association and not with respect to any
2  property owned by Bartlein Group, Inc.
3       6.   Because Bartlein & Company, Inc. is not an insured
4  under the WHIC Policy, it is not entitled to coverage with
5  respect to the Underlying Action.
6       7.   Bartlein & Company, Inc. and Bartlein Group, Inc.
7  are separate corporations and thus separate legal entities.
8       8.   Because the evidence demonstrates that Mumm was
9  working for Bartlein & Company, Inc., there can be no
10 finding of vicarious liability on the part of Bartlein
11 Group, Inc. or any duty to indemnify Bartlein Group, Inc.
12      9.   WHIC does not cover Mumm for the Underlying Action
13 because Mumm does not qualify as an "insured".
14      10.  Based upon the stipulated facts in this action,
15 WHIC owes no duty to indemnify Bartlein & Company, Inc.,
16 Bartlein Group, Inc., or Mumm with respect to the
17 Underlying Action.

19      **IT IS SO ORDERED.**

21 Dated: October 19, 2016                    _____
22                                            UNITED STATES DISTRICT JUDGE